## W. P. MEEKER vs. HIS CREDITORS.

A *cessio bono-rum* refused to be homologated.

MEEKER, a merchant in London, became a bankrupt, made an assignment of all his property and obtained his certificate. One of his cre-

ditors in the city of New-Orleans, having dis-
covered some property of his, levied an attach-
ment on it.   In the mean while, the bankrupt
came over,   and, during the pendency of the
suit, made a *cessio bonorum* to the same persons
for whose benefit the assignment in England had
been made.

*Duncan*, for the bankrupt, moved that the
proceedings be homologated.

*Robertson* and *Brown* contra.   The proceed-
ings ought not to be homologated, for they are
in fraud of the attaching creditor.   The assign-
ment in London has no effect on the property in
the United States, which remains liable to the pur-
suits of British as well as American creditors.
*Kirby*, 313.    3 *Dallas*, 369.   *Judge Iredell's
opinion*.   4 *Term R.* 192. *Johnson* 118, where
it is said that the assignees of the bankrupt in
England cannot sue here.

LETTERS of administration granted in Maryland
do not authorize a suit in the district of Colum-
bia: new letters must be obtained.   So, of the
assignment of a bankrupt's estate in England.
2 *Cranch.*

BANKRUPT laws of England have no force in
Ireland.   1 *Atkins* 82, nor in Scotland, *Kaimes*
573, nor in the United States, *Kirby* 313.   Irish
bankrupt law not in force in England, 1 *Ans-
truther* 80.    Bankrupt law of one state not in
force in another.   3 *Dallas* 369.

A CREDITOR has his election to pursue the

MEKER
vs.
HIS CREDITORS.

bankrupt or to prove his debt under the commission. 1 *Atkins* 153.

LORD MANSFIELD said, in *Chevallier* vs. *Lynch*, *Douglas* 169, where after bankruptcy, money is attached by regular process out of England, according to the law of the place, the assignees cannot recover the debt.

THE assignment of a bankrupt's estate is binding only in the state in which the commission issues. *Douglas* 160.

AN assignment by commission is a voluntary assignment with regard to foreign nations and does not effect their rights. *Cooke's Bankrupt Law* 243, 370. Assignment voluntary. *Richards* vs. *Hudson* and *Warring* vs. *Knight*, cited in *Hunter* vs. *Potts*, 4 *Term R.*

*Duncan*, in support of the motion. The attaching creditor and the bankrupt are both British subjects. The debt accrued in England and previous to the bankruptcy. The *lex loci* must govern. 1 *H. Blackst.* 655, 2 *do.* 402. 4 *Term R.* 182. 3 *Dallas* 370, 2 *do.* 256. *Cooke's B. L.* 497.

THE assignment, under the commission, is equal to a voluntary conveyance, 2 *Johnson* 342.

*By the Court*, LEWIS, J. *alone.* I am not satisfied that a *cessio bonorum* can be made in this country by a bankrupt after having obtained his certificate in England.

IT would be prejudging the main question to be tried, in the suit by attachment, viz. whether

the attachment in England transferred the property here to the assignees, so that it ceased to be liable to the attachment. For, if it should be considered that the assignment vested the property in the assignees, Meeker has no property to surrender, none to be attached. The suit against him must fail and the *cessio bonorum* is a nullity. If it should be determined, that the assignment in England did not vest the property here in the assignees, it will perhaps be contended that the property attached was in the custody of the law, and the bankrupt had not the power to make any disposition of it.

I will not sanction a measure for the sake of an experiment, and this mode of proceeding is one which ought not to be favoured.

MOTION DENIED.

*₊* THE attachment suit was made up, so that the question was not finally determined.